NOT DESIGNATED FOR PUBLICATION

Nos. 128,323
128,324
128,325

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA KYLE DAVIES,
*Appellant.*

MEMORANDUM OPINION

Appeal from Riley District Court; JOHN BOSCH, judge. Opinion filed July 18, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before SCHROEDER, P.J., HILL and GARDNER, JJ.

PER CURIAM: Joshua Kyle Davies, at sentencing, received a departure sentence to probation and now timely appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentences. We granted Davies' request for summary disposition of his appeal under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State did not respond. After a careful review of the record, we observe no abuse of discretion by the district court. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Davies pled guilty to one count each in three separate cases for acts committed in 2020. The district court imposed consecutive sentences of 29, 34, and 14 months'

1

imprisonment, respectively, for a total underlying sentence of 77 months' imprisonment. Then the district court, upon Davies' request, granted him a dispositional departure to supervised probation for a total term of 18 months.

Davies' probation did not go well. Over a year after sentencing, Davies' probation officer filed a warrant alleging multiple probation violations, and the State moved to revoke Davies' probation. The district court accepted Davies' stipulations to violating his probation by failing to report to his probation officer as scheduled; testing positive for illegal drugs during multiple urinalysis (UA) tests; failing to submit additional UAs when requested; failing to attend drug and alcohol treatment as ordered; and failing to pay restitution as ordered. The district court recognized intermediate sanctions were not required because Davies was granted probation as the result of a dispositional departure. The district court revoked Davies' probation and ordered him to serve his underlying sentences.

ANALYSIS

Once a probation violation is established, a district court has discretion to revoke probation unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 22-3716 (requiring graduated sanctions before revocation in certain circumstances). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). As the party asserting the district court abused its discretion, Davies bears the burden of showing such abuse of discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Davies acknowledges the district court was not required to impose intermediate sanctions under K.S.A. 22-3716(c)(1) before revoking his probation because his probation was granted as the result of a dispositional departure. See K.S.A. 22-

2

3716(c)(7)(B). Davies identifies no error of fact or law underlying the district court's conclusion. He does not dispute he violated the terms of his probation and the district court was within its authority to revoke his probation. Rather, he argues a lesser sanction—particularly a chance at further drug treatment—would have been the better disposition. The district court's decision here was reasonable given the fact Davies was granted a dispositional departure to probation and could not follow his conditions of probation. Davies has not met his burden to show the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentences.

Affirmed.